### 15678.  INGRAHAM *v.* THE STATE.

The court did not err in allowing the solicitor-general to challenge a juror peremptorily immediately after he had accepted the juror; it appearing that no injury to the defendant could have resulted therefrom.

DECIDED AUGUST 8, 1924.

Adultery and fornication; from Hancock superior court—Judge Park.  April 30, 1924.

*Wiley & Lewis,* for plaintiff in error.

*Doyle Campbell, solicitor-general, A. Y. Clement,* contra.

BLOODWORTH, J.  This is a misdemeanor, but the jury seems to have been selected as in a felony case.  Why this was done does not appear.  In the brief of plaintiff in error is the following: "The sole question for determination in this case is whether the court erred in allowing the solicitor-general to peremptorily challenge a juror after the juror had been accepted by him."  The special ground of the motion for a new trial alleges that "during the selection and striking of the jury in said case, when the name

of the twenty-first juror on the panel, whose name was Harry Binion, was called in its order, there still remaining at the time two more jurors to be selected for the trial of said case, Hon. Doyle Campbell, solicitor-general, accepted said juror, and said, 'The juror is upon you.' Whereupon, before counsel for defendant could accept said juror, and before one minute had elapsed after the acceptance of said juror by said solicitor-general, [he] peremptorily challenged said juror without assigning any cause therefor, and stated: 'The State excuses Mr. Binion.' Whereupon counsel for defendant objected to the peremptory challenge on the part of the solicitor-general, after he had accepted said juror, upon the ground that said peremptory challenge was made too late, and was made after said juror had been accepted by the State, and tendered to the defendant, and in less time than one minute after the State had accepted him."

As it appears from the above recitals that no possible injury could have resulted to the defendant from the action of the solicitor-general, the court did not err in allowing him to peremptorily challenge the juror. *Carr* v. *State,* 76 *Ga.* 592 (2 *c*).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*